## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **MARK GRISSOM,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  7:19-cv-01085-RDP** |
| | } | |
| **LESLIE WIGGINS, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on (1) Defendants' Motion to Dismiss (Doc. # 101), (2) Plaintiff's Motion to Deny Motion to Dismiss, to Allow Format Changes (Doc. # 102), and (3) Plaintiff's Motion to Drop Charges Not Included and Consider Addendum (Doc. # 103). For the reasons discussed below, Defendants' Motion to Dismiss is due to be granted.

## I.      Background

Plaintiff, proceeding *pro se*, filed his initial Complaint in this action on July 12, 2019. (Doc. # 1). Following the filing of his Complaint, Plaintiff filed numerous motions seeking the court's intervention in his then-ongoing employment relationship with Defendants. (*See, e.g.*, Docs. # 11, 12, 13, 15, 16, 17, 18, 20, 21). On August 30, 2020, the court granted Defendants additional time, until September 30, 2020, to respond to Plaintiff's Complaint. (Doc. # 25). On September 13, 2019, Plaintiff filed his first Amended Complaint. (Doc. # 26). On October 9, 2020, Defendants filed a Motion to Dismiss arguing that Plaintiff's Amended Complaint failed to state a claim. (Doc. # 39). Plaintiff filed various responses to Defendants' Motion. (Docs. # 44, 45, 46, 48, 49, 51). Plaintiff also filed a Motion for Leave to File Amended Complaint. (Doc. # 54). On April 27, 2020, Plaintiff filed his second Amended Complaint. (Doc. # 58). Defendants moved to dismiss

Plaintiff's second Amended Complaint. (Doc. # 64). Plaintiff made various filings in response to Defendants' Motion. (Docs. # 71, 72, 73, 74, 75, 76, 77, 78, 79). On November 23, 2020, this case was reassigned to the undersigned. (Docs. # 81, 82).

Upon reassignment, on January 7, 2021, the court conducted a telephone conference with the parties. As a result of discussions during that conference, Plaintiff was ordered to file another (third) Amended Complaint. The court gave Plaintiff explicit instructions as to how to file an appropriate amended complaint and directed him to on-line resources for assistance in drafting his amended complaint. (Doc. # 87).

Plaintiff has now had four opportunities to draft a complaint that states a claim and complies with the Federal Rules of Civil Procedure. Nonetheless, Plaintiff has still failed to provide the court with an Amended Complaint that satisfies the Rules and complies with the court's instructions. In cases such as this, the Federal Rules of Civil Procedure "expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); *see* Fed. R. Civ. P. 41(b)-(c). And, the court has the inherent authority to dismiss this action. *State Exchange*, 693 F.2d at 1352 (noting a court has the "inherent . . . authority to enforce its orders and ensure prompt disposition of legal actions.").

Although precedent requires courts to give *pro se* litigants some leeway, pro se litigants are "nevertheless [] required [] to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)). Plaintiff's third Amended Complaint may be dismissed because it (still) constitutes an impermissible shotgun pleading in violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b).

## II.     Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. Appx. 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290

3

(11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

The Eleventh Circuit has identified four types of shotgun pleadings that violate the Federal Rules of Civil Procedure:

> The [first and] most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The [second and] next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (internal footnotes and page numbers omitted); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006).

## III.  Discussion

Plaintiff's third Amended Complaint (Doc. # 88) uses many, many words, yet says very, very little. It is replete with formulaic recitations of the elements of causes of action, but it is devoid of specific factual allegations. Since Defendants filed their most recent Motion to Dismiss, Plaintiff has presented "claim clarifications" and "format changes," each of which is equally lengthy as the

third Amended Complaint, but they are equally devoid of substance. (Docs. # 102, 103). As an illustrative example (and, to be clear, there are many more), Plaintiff's third Amended Complaint alleges:

> Upon information and belief, Defendant Ms. Stephanie Wallace Executive Assistant to the Chief of Staff, directly reports to Defendant Tony Davis. Ms. Stephanie Wallace as an enforcer in the Illegitimate Enterprise coordinating violations using agency resources across facilities, activity participates in guides hiring/wire/mails frauds to benefit the illegitimate enterprise, targets victims and witnesses with retaliation, damages victims and witnesses reputation, and violates victims and witnesses constitutional rights

(Doc. # 88 at ¶ 39). Elsewhere, under the "Statement of Facts" section of the third Amended Complaint, Plaintiff alleges:

> Fraud claimed included human resources frauds, fraudulent investigations, fraudulent promised protections to whistleblowers and witnesses, falsification of records, mail, and wire fraud, fraudulent discipline with intent to remove, unspecific claims of misconduct, and others that mirror those frauds in these proceedings brought by the Plaintiff working at TVAMC.

(Doc. # 88 at ¶ 53D(b)).

Rule 8(a)(2) and 10(b) guide parties in litigation, but "were also written for the benefit of the court, which must be able to determine 'which facts support which claims,' 'whether the plaintiff has stated any claims upon which relief can be granted,' and whether evidence introduced at trial is relevant." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland*, 792 F.3d at 1320 (in turn quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co*., 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). Here, Plaintiff's third Amended Complaint should be dismissed because "is 'replete with conclusory, vague, and immaterial' allegations" and any "defendant who reads the complaint would be hard-pressed to understand 'the grounds upon which each claim [against him] rests.'" *Barmapov*, 986 F.3d at 1326 (citing *Weiland*, 792 F.3d at 1322-23). As the Eleventh Circuit recently reiterated,

Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules" because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." [*Weiland*, 792 F.3d at 1320] (alterations adopted) (quoting *T.D.S.*, 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). Besides violating the rules, shotgun pleadings also "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." [*Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alterations adopted) (internal quotation marks omitted). We have "little tolerance" for them. *Id.*

*Barmapov*, 986 F.3d at 1324.

This court's January 8, 2021 Order (and Defendants' Motions to Dismiss) "gave [Plaintiff] 'fair notice of the defects' in his complaint and 'a meaningful opportunity to fix them.'" *Beekman v. Fed. Home Loan Mortg. Corp.*, 827 F. App'x 999, 1002 (11th Cir. 2020) (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)). "The federal judiciary is a system of scarce resources, and '[i]t is not the proper function of courts in this Circuit to parse out [ ] incomprehensible allegations.'" *Barmapov*, 986 F.3d at 1327  (Tjoflat, J., concurring) (quoting *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020)). "[E]ven when construed most liberally, as afforded pro se litigants, this complaint, [] is a hodgepodge of incomprehensible allegations and legalistic gibberish." *Truesdale v. Fla.*, 2018 WL 11302939, at *3 (S.D. Fla. June 21, 2018), *report and recommendation adopted*, 2018 WL 11302938 (S.D. Fla. Oct. 29, 2018). After careful review, the same can be said for Plaintiff's third Amended Complaint.

The court has not simply sat back and graded Plaintiff's papers. Rather, after receiving the reassignment and reviewing the prior pleadings and Judge Coogler's prior orders, the court conducted a telephone conference with Plaintiff and carefully explained what he must do to present a viable complaint. Unfortunately, he has not followed those instructions.

**IV.      Conclusion**

This is now Plaintiff's fourth attempt at fashioning a viable complaint. And although not short on words, Plaintiff's fourth rendition remains fatally lacking in factual specifics, fails once again to present a concise statement of Plaintiff's claims as required by Rule 8 and the well-established *Twombly-Iqbal* plausibility standard, and, just like its predecessors, amounts to an impermissible "shotgun" pleading. The court notes that even giving full consideration to Plaintiffs' proposed format changes (Doc. # 102) and clarifications (Doc. # 103), his filing does not remedy the numerous deficiencies in his third Amended Complaint. "While the [c]ourt understands that the litigation process can be a complex and difficult one for pro se litigants, it cannot afford any litigant unlimited opportunities to amend without unduly burdening the opposing party." *Boles v. Riva*, 2013 WL 6388582, at *5 (M.D. Fla. Dec. 6, 2013), *aff'd*, 565 F. App'x 845 (11th Cir. 2014).

For all of the foregoing reasons, Defendants' Motion to Dismiss (Doc. # 101) is due to be granted and this case dismissed without prejudice.

**DONE** and **ORDERED** this May 4, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

7